NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS FELIPE ROJAS-MACIEL, | No. 18-70671 |
| Petitioner, | Agency No. A205-648-486 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

Luis Felipe Rojas-Maciel, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

The record does not compel the conclusion that Rojas-Maciel applied for asylum within a reasonable time of any changed or extraordinary circumstances as to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). Thus, Rojas-Maciel's asylum claim fails.

As to withholding of removal, the agency did not err in finding that Rojas-Maciel failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Holder*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (concluding "imputed wealthy Americans" returning to Mexico did not constitute a particular

social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Thus, Rojas-Maciel's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Rojas-Maciel failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

The record does not support Rojas-Maciel's contentions that the agency failed to consider evidence or otherwise provided insufficient analysis of his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

As to cancellation of removal, the record does not support Rojas-Maciel's contentions that the agency applied the incorrect standard in evaluating hardship to his United States citizen children. *See* 8 U.S.C. § 1229b(b)(d); *see also Figueroa v. Mukasey*, 543 F.3d 487, 493-496 (9th Cir. 2008) (court has jurisdiction to review whether IJ required a showing of "unconscionable" hardship); *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (children's hardships were not

18-70671

"exceptional and extremely unusual," where although "the children would suffer emotionally" if separated from their father, they would be cared for in the United States by family).

**PETITION FOR REVIEW DENIED.**